FILED
SUPERIOR COURT
OF GUAM

2019 AUG 26 PM 3: 23

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

JENNIFER VADO and SAMUEL VADO,

    Plaintiffs,

vs.

CWC BUILDERS INC. and REVEST, INC.,

    Defendants.

**Civil Case No. CV0421-19**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable Benjamin C. Sison, Jr. on August 2, 2019, for a motion hearing on Defendant Revest, Inc.'s ("Revest") Motion for Summary Judgment. Attorney Edwin Torres appeared on behalf of Revest. Attorney Jeffrey Cook appeared on behalf of Plaintiffs Jennifer Vado and Samuel Vado ("Plaintiffs"). Having reviewed the evidence and the arguments presented, the Court issues the following Decision and Order **GRANTING** Revest's Motion.

### BACKGROUND

The present dispute arises from a lease agreement for Lot No. 5097-6-R1, Finagayen, Dededo, Guam ("the Property"). Plaintiffs claim that pursuant to a written Lease Agreement (the "Lease") dated September 20, 1979, Plaintiffs' predecessors, Semproso and Josefina Vado, leased certain property to Defendant CWC Builders, Inc. ("CWC") for a term of fifty (50) years, which property under the Lease was subsequently subleased to Revest on September 28, 2015. On April 9, 2019, Plaintiffs filed a Complaint for Unlawful Detainer, seeking termination of the Lease and removal of Revest from the premises on the basis that Revest has failed to maintain

the property in a certain condition as required under the Lease.

On July 1, 2019, Revest filed a Motion for Summary Judgment, arguing that: (1) Plaintiffs are barred from bringing suit due to their lack of a business license, and (2) Plaintiffs lack standing to sue under the Lease, and (3) Plaintiff Vado failed to verify the Complaint as required under Guam Rules of Civil Procedure. Plaintiffs filed an Opposition on June 17, 2019 and Revest filed its Reply on July 1, 2019. The Court held a motion hearing on August 2, 2019. At the hearing, counsel for Revest informed the Court that the Motion for Summary Judgment rested on Plaintiffs' lack of a business license, and that the other arguments contained in its motion were waived.

## DISCUSSION

### A. Summary Judgment Standard

Under Guam Rule of Civil Procedure 56, a court may grant summary judgment if the pleadings, deposition, interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. GRCP 56(c); *Izuka Corp. v. Kawasho Int'l (Guam), Inc.,* 1997 Guam 10 ¶ 7. Further,

> "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

In rendering its decision on a motion for summary judgment, a court must draw inferences and view the evidence in the light most favorable to the non-moving party. *Bank of Guam v. Flores,* 2004 Guam 25. If, however, the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot merely rely on allegations contained in the pleading but must produce at least some significantly probative evidence to support the pleading. *Edwards v. Pac. Fin. Corp.,* 2000 Guam 27 ¶ 17. Consequently, a court's "ultimate inquiry is to determine whether the 'specific facts' set by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *Id.* The Guam Supreme Court has

determined that the question of whether a party may maintain a lawsuit without a proper business license may be challenged via a motion for summary judgment, as opposed to a motion for dismissal pursuant to Rule 12(b)(6). *Taijeron v. Kim*, 1999 Guam 16.

## B.     Unlawful Detainer

21 Guam Code Annotated ("GCA") Chapter 21 sets forth Guam's Unlawful Detainer laws. Unlawful detainer proceedings are an expedited method for a landlord to regain possession of their property. *Archbishop of Guam v. G.F.G. Corp.*, 1997 Guam 12 ¶ 10. "Because an unlawful detainer action is a summary remedy, the unlawful detainer statute must be complied with strictly." *Id.*

## C.     Business License Requirement

Guam's Business License Law provides that "[a]ny person engaging in . . . business on Guam without a business license . . . may not maintain a proceeding in any Court on Guam until it obtains a business license." 11 GCA § 70131(b).

Plaintiffs concede that they do not have a business license as it pertains to the property under the Lease. Plaintiffs argue that this matter nonetheless should proceed because they have substantially complied with the Guam Business License Law. The doctrine of substantial compliance is an equitable doctrine employed by courts "to avoid hardship in cases where a party has done all that can be reasonably expected." *Baccei v. U.S.*, 632 F.3d 1140, 1145 (9th Cir. 2011) (citing *Sawyer v. Sonoma County*, 719 F.2d 1001, 1007-08 (9th Cir. 1983)).

Guam's Business License Laws previously contained explicit language which allowed court's to liberally construe the licensing requirement and to "ignore technical deficiencies if the courts find there has been substantial compliance with the business license laws, rules, and regulations." *See* prior version of 11 GCA § 70130 at (f); *see also Taijeron v. Kim*, 1999 Guam 16 ¶ 11. However, the Guam Legislature revised Section 70130 and specifically removed subsection (f) containing the above-mentioned language. *See* P.L. 27-57. The Court must now determine whether the Legislature's removal of subsection (f) was intended to create an absolute bar to the common law equitable doctrine of substantial compliance as it pertains to Guam's business license laws, and if not, whether the factual circumstances in this case support Plaintiffs' position that they have substantially complied with Guam's business license laws and

should therefore be permitted to maintain this action.

Revest cites to numerous cases which support its argument that the legislative branch is free to "alter or repeal the common law." *Bertholf v. O'Reilly*, 74 N.Y. 509, 524 (1878); *see also Hynson v. Jeffries*, 697 So.2d 792, 798 (Miss. Ct. App. 1997) ("The legislature is entitled to abolish common law doctrines . . ."); *Bowerman v. Sheehan*, 219 N.W. 69, 70 (Mich. 1928) ("The Legislature may alter or repeal the common law."). By repealing subsection (f), Revest claims Plaintiffs may not argue that they have substantially complied with Guam's Business License and therefore their failure to possess a valid business license respecting the Lease bars Plaintiffs from maintaining its unlawful detainer action in the Superior Court of Guam.

Plaintiffs counter that while Guam's business license law was amended by Guam's legislature, the amendments do not expressly or explicitly abolish the long-established doctrine of substantial compliance. Common law doctrines "exist independently of statute, and continues to exist unless the legislative branch explicitly abolishes it. *United States v. Texas*, 507 U.S. 529, 534 (1993); *see also Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952)("Statutes which invade the common law . . . are to be read with a presumption favoring the retention of long-established and familiar principles, except when a statutory purpose to the contrary is evident."). Consequently, Plaintiffs argue that the doctrine of substantial compliance survived the amendments to Guam's Business License laws and that Plaintiffs have set forth circumstances in this case clearly showing that they have substantially complied with Guam's Business License Laws sufficient to maintain their unlawful detainer action against Revest.

Notwithstanding Plaintiffs' arguments to the contrary, the court does find that the removal of subsection (f) from 11 GCA §70131 does constitute an explicit statement from the Legislature that the doctrine of substantial compliance is not available to prospective plaintiffs on Guam as it pertains to compliance with Guam's business license laws and access to Guam courts. Consequently because Plaintiffs lack a business license, they are precluded from maintaining this action in the Superior Court of Guam. Having determined that the doctrine of substantial compliance does not apply in this case, the Court need not address the question of whether the facts of this case demonstrate that Plaintiffs have substantially complied with Guam's business license laws.

## CONCLUSION

Based on the foregoing, Revest's Motion for Summary Judgment is **GRANTED.** This case, CV0421-19, is hereby dismissed without prejudice.

SO ORDERED this ___26___ day of ___AUGUST___.

_____

**HONORABLE BENJAMIN C. SISON, JR.**
Magistrate Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

Cunliffe + Cook
Civille + Tang S. Visosky

Date: 8/26 Time: 5pm

Deputy Clerk, Superior Court

CV0421-19, *Vado v. CWC Builders Inc. and Revest, Inc.*
Decision and Order Re: Def.'s Mot. for Summary Judgment